IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROL PHILLIPS,           )
                           )
       Plaintiff,      )   Civ. No. 06-0903-TC
                           )
   vs.                )
                           )
                           )   FINDINGS AND RECOMMENDATIONS
MICHAEL J. ASTRUE,      )
Commissioner of Social Security,)
                           )
       Defendant.      )
_____)

Coffin, Magistrate Judge:

       Plaintiff, Carol Phillips, brings this action for judicial review of a final decision of the Commissioner of Social Security (Commissioner) pursuant to 42 U.S.C. § 405(g). The Commissioner denied Phillips's claim for Social Security disability income benefits (DIB). For the reasons set forth below, the court recommends that the decision of the Commissioner be reversed and remanded consistent with this opinion.

## PROCEDURAL BACKGROUND

     Phillips protectively filed an application for DIB on August 19, 2003, alleging disability based on polio  paralysis and postpolio syndrome. (Tr. 20, 59-61,78.) Her application was denied initially and upon reconsideration. (Tr. 20, 29-33, 36-

1 Findings and Recommendations

39.)  A hearing was held before an Administrative Law Judge (ALJ) on November 30, 2005[1].    (Tr. 336-367.)  In a decision dated December 30, 2005, the ALJ found that Phillips was not entitled to benefits. (Tr. 25.)   The Appeal's Council denied Phillips's request for review on May 19, 2006, making the ALJ's decision the Commissioner's final decision.   Phillips filed a timely action seeking judicial review in this court.

## STANDARDS

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The initial burden of proof rests upon the claimant to establish his or her disability. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).   The Commissioner bears the burden of developing the record. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.   42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039.  The court must weigh

[1]At the hearing, Phillips amended her disability onset date to January 1, 2002.  (Tr. 20, 339-40.)

all of the evidence, whether it supports or detracts from the Commissioner's decision. See Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

## DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. At steps one through four, the burden of proof is on the claimant. See Tackett v. Apfel, 180 F.3d 1094, 1098-1099 (9th Cir. 1999). At step five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. Id. Below is a summary of the five steps, which also are described in Tackett:

Step One. The Commissioner determines whether claimant is engaged in substantial gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate claimant's case under step two. 20 C.F.R. §§ 404.1520(b), 416.920(b). In this case, the ALJ did not make a formal finding of whether Phillips was engaged in substantial activity since her alleged onset date; however, the court can presume that the ALJ found that Phillips had not engaged in substantial activity because the ALJ continued the sequential analysis. (Tr. 23.) This presumed finding is not in dispute.

Step Two. The Commissioner determines whether claimant has one or more severe impairments. If not, claimant is not

3 Findings and Recommendations

disabled.  If claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  At step two, the ALJ found that Phillips's postpolio syndrome was a severe impairment.  (Tr. 23.) This finding is disputed.[2]

Step Three.  Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether claimant's impairment "meets or equals" one of the impairments listed in the Social Security Administration ("SSA") regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1.  If so, claimant is disabled.  If claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of claimant's case proceeds under step four.  20 C.F.R. §§ 404.1520(d), 416.920(d).  At step three, the ALJ found that Phillips's postpolio syndrome did not meet or equal any of the impairments in the listings.  (Tr. 24.)  This finding is disputed.

Step Four.  The Commissioner determines whether claimant is able to perform work he or she has done in the past.  If so, claimant is not disabled.  If claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of claimant's case proceeds under step five.  20 C.F.R. §§ 404.1520(e), 416.920(e).  In this case, the ALJ

---

[2]In her opening brief, Phillips states that "only steps 1 and 5 are not at issue in this action." (Doc. 9 at 12.) Phillips argues that the "ALJ failed to make a finding regarding Plaintiff's shoulder and knee impairments, severe or otherwise." (Doc. 9 at 15.)  Accordingly, plaintiff does not challenge the ALJ's finding that her postpolio syndrome was a severe impediment.  Instead, she argues that he should have made findings regarding her knee and shoulder impairments.

4 Findings and Recommendations

determined that Phillips is capable of performing her past relevant work of a triage nurse and clinic coordinator. (Tr. 24.) This finding is disputed.

Step Five. The Commissioner determines whether claimant is able to do any other work. If not, claimant is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show a significant number of jobs exist in the national economy that claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates a significant number of jobs exist in the national economy that claimant can do, claimant is not disabled. If the Commissioner does not meet this burden, claimant is disabled. 20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1). By finding Phillips not disabled at step four, the ALJ avoided step five.

**FACTUAL BACKGROUND**

Phillips was 57 years old at the time of the November 30, 2005 hearing, and she had a college education with a Bachelor of Science in Nursing. (Tr. 21, 59, 84, 399.) Phillips had previous work experience as a triage nurse and as a clinic coordinator. (Tr. 21, 79, 91, 360.)

The medical records in this case accurately set out Phillips's medical history as it relates to her claim for DIB. The court has carefully reviewed the medical records, and the parties are familiar with the record. Accordingly, the details of the medical records will be set forth below only as they are relevant to the issues before the court.

5 Findings and Recommendations

**DISCUSSION**

Plaintiff contends that the ALJ erred by (1) improperly rejecting the opinion of Phillips's treating physician; (2) incorrectly assessing Phillips's residual functional capacity; (3) failing to make adequate findings regarding Phillips's shoulder and knee impairments at step two; and (4) improperly rejecting Phillips's testimony.

The commissioner concedes that his decision must be reversed (doc. 15); however the parties disagree on the appropriate remedy.  Accordingly, the issue before the court is limited to whether to remand for further proceedings or for immediate payment of benefits.

I.  Opinions of the Treating Physician

Phillips contends that the ALJ erred in rejecting the opinion of her treating physician Gary Ward, M.D.

If a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. See Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(d)(2).  In general, the opinion of specialists concerning matters relating to their specialty are entitled to more weight than the opinions of nonspecialists.  See id.; § 404.1527(d)(5).  An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and convincing" reasons supported by substantial evidence in the record. See id. at 1202 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)).  If the treating physician's medical

6 Findings and Recommendations

opinion is inconsistent with other substantial evidence in the record, treating source medical opinions are still entitled to deference and must be weighted using all the factors provided in 20 C.F.R. 404.1527. See id. (citing SSR 96-2p). An ALJ may rely on the medical opinion of a non-treating doctor instead of the contrary opinion of a treating doctor only if she provides "specific and legitimate" reasons supported by substantial evidence in the record.   Id.

A.  Gary Ward, M.D.

Dr. Ward has been Phillips's primary treating physician since July 13, 1992; he sees her for treatment 1-3 times a year. (Tr. 317-321.) A review of the medical records reveals that Phillips's diagnoses were postpolio syndrome, paralysis of the right leg, partial left leg paralysis, mild weakness of the upper limbs, status [sic] right knee arthroscopic surgery, recurrent shoulder girdle and rotator cuff strain.  (Tr. 317.)  Phillips had repeated conversations with Dr. Ward regarding her activities such as international travel, landscape design, yard maintenance, and dancing classes.  (Tr. 261, 264, 308, 314.) Dr. Ward and Phillips extensively discussed management of her activity level and her postpolio syndrome. (Tr. 294, 289, 279, 309, 311, 316.)

Despite being aware of Phillips's activities, Dr. Ward still opined that she was significantly limited in her ability to perform work-related functions.  (Tr. 252, 317-21, 306-07.)

In September 2003, Dr. Ward opined that Phillips was severely limited in her ability to do work.  (Tr. 252.) Phillips's standing and/or walking was limited to much less than 2 hours in an 8 hour work day; standing and lifting would be

7 Findings and Recommendations

limited to a short period of time—no more than 15 minutes.  (Tr. 252.)  Although Phillips's other work related activities were relatively well tolerated, she was not able to work a full 8 hours, and in fact, was "only able to work very part time without worsening her condition."  (Tr. 252.)

In September 2005, Dr. Ward assessed Phillips as being able to sit for only 4 hours a day, stand and/or walk for only 1 ½ hours, and only work for 5 ½ hours in an 8 hour day.  (Tr. 306-07, 319.)

Dr. Ward completed an attorney questionnaire in November 2005 and reported that plaintiff was very limited in her ability to work.  (Tr. 317-21.)  He opined that plaintiff would not be able to work 5 ½ hours in an 8 hour day because of significant fatigue which could limit her hours on some days.  (Tr. 320-21.)  Dr. Ward reported that the severity of plaintiff's condition as he assessed it in November 2005 could have or did exist with the same severity prior to December 31, 2002.[3]

B.  The ALJ's Evaluation Of Dr. Ward's Opinion

The Commissioner concedes that the ALJ did not provide clear and convincing evidence for rejecting the opinion of Phillips's treating physician.

The ALJ rejected Dr. Ward's 2005 assessment of plaintiff, stating:

Dr. Wards [sic] medical records show that she was much more active than she is now.  Dr. Ward provided a number of assessments throughout the record that conflict with his answers to the Attorney questionnaires in 2005.  The undersigned is giving more weight to the assessment of September 10, 2003, which

_____

[3]This was the date that plaintiff was last insured. (Tr. 23.)

8 Findings and Recommendations

1    is closer to the date last insured.

2    (Tr. 23.)   The ALJ stated that his residual functional capacity

3    assessment covered "most of the restrictions given by Dr. Ward in

4    2003."    (Tr. 23.)    However, a comparison of Dr. Ward's 2003

5    assessment and the ALJ's assessment reveal that this is not the

6    case.    In 2003, Dr. Ward opined that Phillips was significantly

7    limited in lifting and carrying, could walk "much less" than 2

8    hours, and could stand and/or walk 15 minutes at a time.    (Tr.

9    252.)  He opined that Phillips could not work a full 8 hours, but

10   instead could only work "very part time."    (Tr. 252.)    The ALJ

11   found that Phillips was capable of carrying 20 pounds, standing

12   and/ or walking 2 hours, and capable of working a full-time job.

13   (Tr. 23-24.)

14       The ALJ did not include in his residual functional capacity

15   assessment,  or  provide  any  reasons  to  reject,  Dr.  Ward's

16   assessment that Phillips was significantly limited in lifting or

17   carrying, that her standing and/or walking was limited to much

18   less than 2 hours or that plaintiff could not work a full 8

19   hours, and was, in fact, limited to very part time work.  The ALJ

20   effectively  rejected  Dr.  Ward's  2003  assessment  of  Phillips

21   without clear and convincing reasons.

22   II.  Remand For Further Proceedings

23       The Ninth Circuit has established a three-part test "for

24   determining when evidence should be credited and an immediate

25   award of benefits directed."   Harman v. Apfel, 211 F.3d 1172,

26   1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000).   Under this

27   ///

28   ///

test, the court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Id. The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. See id. at 1178 n.2. Generally, an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion. See Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). When outstanding issues must be resolved, a court must remand for further proceedings. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-1116 (9th Cir. 2003). Where remand would only delay the receipt of benefits, judgment for the claimant is appropriate. See Rodriguez, 876 F.2d at 763.

Here, it is clear that the first prong of the Harmen test is met-the ALJ has failed to provide legally sufficient reasons for rejecting the opinion of plaintiff's treating physician. However, the Commissioner argues that a remand for further proceedings is necessary because there are outstanding issues which must be resolved. Specifically, the Commissioner asserts that the ALJ must be afforded the opportunity to further evaluate Dr. Ward's opinions, further consider Phillips's credibility, further consider Phillips's

10 Findings and Recommendations

residual functional capacity, and further consider whether Phillips can perform her past relevant work.

The court disagrees with this assertion. The record provides little support for the ALJ's finding that Phillips's testimony was not totally credible. (Tr. 24.) In discrediting Phillips's testimony, the ALJ relied largely on Phillips's ability to travel, volunteering for landscaping projects and returning to work on a part time basis. (Tr. 23.) However, as described above, plaintiff's daily activities are generally quite limited and her travels involved issues of handicapped accessability. (Tr. 314.) "This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." Vertigen v. Halter, 260 F.3d 1044, 1050 (9th Cir.2001) (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989)).

Likewise, there is no need for additional proceedings to further consider Phillips's residual functional capacity or whether she can perform her past relevant work. Dr. Ward opined that Phillips suffered from significant limitation, including difficulties in concentration (tr. 252, 350), and a field office worker observed in August 2003 that Phillips had significant difficulty with standing, walking, and sitting and was "clearly mobility impaired." (Tr. 89.) The only evidence in the record which indicates that Phillips could work full-time is the report of a non-examining agency physician. (Tr. 300-04.) The vocational expert testified that the work of a triage nurse

11 Findings and Recommendations

(Phillips's last relevant work) requires good attention and that a worker could not perform such work with an occasional limitation in concentration, pace or persistence. (Tr. 366.) The court credits Dr. Ward's assessment of Phillips's concentration difficulties. Accordingly, there is no issue to be resolved concerning Phillips's residual functional capacity or her ability to perform her past relevant work.

The court credits as true the diagnosis and findings of plaintiff's treating physician, Dr. Ward. It is clear that Phillips is unable to sustain employment. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). No useful purpose would be served by remanding this matter for further proceedings. See Rodriguez, 876 F.2d at 763. The court, therefore, concludes that this matter should not be remanded for further proceedings. See Schneider v. Comm'r, 223 F.3d 968 (9th Cir. 2000). The court recommends remanding this matter for the purpose of permitting the Commissioner to calculate and award benefits to Phillips.

///
///
///
///
///
///
///
///
///
///
///

12 Findings and Recommendations

///

///

## CONCLUSION

For the aforementioned reasons, the court recommends that the decision of the Commissioner be reversed and that this matter be remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for the calculation and award of benefits.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 10 days after service of the objections. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated this 14th day of June ,2007

THOMAS COFFIN
United States Magistrate Judge

13 Findings and Recommendations